IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Haupricht,   Case No. 3:06CV2908

    Plaintiff

v.   ORDER

Sylvania Township Police Department, et al.,

    Defendant

This is a civil rights suit in which the defendants have filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). For the reasons that follow, the motion shall be denied in part and granted in part.

Plaintiff's complaint alleges that he was walking in the vicinity of his home when he encountered three Sylvania Township Police Officers [defendant Officer Steven Cousino and two other "Doe" officers] and defendant Dan Knorek, a Lucas County Sheriff's Department Deputy. Plaintiff claims that he was knocked to the ground with a taser shock, and then repeatedly taser-shocked while on the ground. He also alleges that he was arrested without probable cause.

Plaintiff sues the three Township officers, Deputy Knorek, the Township Trustees and the Township Police Department. He claims that jurisdiction arises, *inter alia*, under 42 U.S.C. §§ 1983, 1985 and 1988. He has not specified the specific provisions of the federal Constitution or laws on which he bases his claim of civil rights jurisdiction. He too asserts state claims for false arrest/imprisonment, assault and making false statements.

**Discussion**

Defendants contend that plaintiff has failed to state a cause of action against the Township Police Department and Trustees. They are correct: he does not allege any personal involvement on the part of the Trustees and the Department has been sued, clearly, solely on the basis of *respondeat superior*. Under *Rizzo v. Goode*, 423 U.S. 362 (1976), and *Monell v. Dep't of Social Services*, 436 U.S. 658 (1997), these defendants are entitled to dismissal.

Defendants also correctly contend that plaintiff has failed to state a cause of action under § 1985. Under *Griffin v. Breckenridge*, 403 U.S. 88 (1971), a § 1985 plaintiff must assert class- or race-based animus. Plaintiff has not done so, and his § 1985 claim must be dismissed.

With regard to the individual Township officers, the defendants contend that plaintiff's allegations are insufficient under the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955 (2007), to state a cause of action. In that case the Court stated that, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." — U.S. at —, 127 S.Ct. at 1974.

Contrary to defendants' suggestion, this does not mean that a plaintiff claiming to have been beaten and then arrested without probable cause must recite the specific constitutional basis on which he predicates his claims under § 1983. While it is inexplicable that plaintiff failed to do so, it is readily apparent that he seeks recovery for a violation of rights guaranteed under the Fourth Amendment. *See, e.g., Graham v. Connor*, 490 U.S. 386, 388 ("excessive force in the course of making [a] . . . 'seizure' of [the] person . . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002) ("for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause").

Plaintiff has alleged facts, if proven, sufficient to recover for violations of his Fourth Amendment rights. He claims he was arrested without probable cause and subjected to repeated tasering. He has also stated a sufficient factual basis for his state-law claims of false arrest/imprisonment and assault.

Plaintiff also seeks to assert a claim alleging that false statements were made about him. It is not clear whether he seeks thereby to state a claim for either defamation or malicious prosecution. I conclude that, absent some specific designation of the nature of his putative causes of action and greater elaboration, his complaint – whether for defamation or malicious prosecution – is not sufficient to state a cause of action under Ohio law.

Plaintiff's suit shall, accordingly, be limited to federal § 1983 claims arising under the Fourth Amendment for arrest without probable cause and excessive force and related state law claims for false arrest/imprisonment and assault. Plaintiff's derivative claim under 42 U.S.C. § 1988 shall not be dismissed, as its viability depends on that of his § 1983 Fourth Amendment claims.

All other claims shall be dismissed.

It is, therefore,

ORDERED THAT defendants' motion for judgment on the pleadings be denied with regard to plaintiff's federal claims under the Fourth Amendment for arrest without probable cause and excessive force, his derivative claim under 42 U.S.C. § 1988, and his related state law claims for false arrest/imprisonment against the individual officer defendants and granted with regard to all other claims and defendants.

The motion and trial schedule previously set shall be vacated *sua sponte*. A status/scheduling conference is set for March 24, 2008 at 2:30 p.m.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge