IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Haupricht,                                                     Case No. 3:06CV2908

             Plaintiff

     v.                                                            ORDER

Sylvania Twp Police Dep't, et al.,

             Defendant

This is a suit under 42 U.S.C. §1983 in which the plaintiff, David Haupricht, alleges that the defendants Steven Cousino, an Officer with the Sylvania, Ohio, Township Police Department, and Deputy Dan Knorek, a Deputy with the Lucas County, Ohio Sheriff's Department, arrested him without probable cause. He also alleges that Officer Cousino used excessive force in effectuating the arrest by tasering him repeatedly.

Pending are motions for summary judgment by the defendants. [Docs. 26, 28]. For the reasons that follow, Deputy Knorek's motion [Doc. 28] shall be granted and Officer Cousino's motion [Doc. 26] shall be granted in part and in denied in part.[1]

**Background**

---

[1] In an earlier order, I granted dismissal as to the other defendants in the case. [Doc. 21].

In the early morning hours of December 4, 2005, Haupricht drove a truck belonging to an acquaintance to a store to purchase some food items. The roadway was icy. En route back home, Haupricht decided that, because it was not only icy, but snowy, to leave the truck and complete his journey on foot.

He left the truck off the side of the road in a rural area. He was about two and a half to three miles from home. He began walking across a farm field.

Having been notified of an apparent auto accident at the location where the plaintiff had left the truck, Office Cousino went to that location. Deputy Knorek also responded to that notification. Following footprints in the snow, Officer Cousino and a Richfield Township firefighter, who had also responded to the call, saw the plaintiff.

Using the name of the truck's registered owner, Officer Cousino called out to the plaintiff, telling him that he wanted to talk with him. Plaintiff ignored the officer and kept walking. The officer approached the plaintiff, identifying himself as a police officer. Plaintiff continued to walk away. On being asked his name, plaintiff did not respond. In the meantime, Deputy Knorek had arrived and was with Officer Cousino by the plaintiff, who continued to be unresponsive to the officer's commands.

Officer Cousino tasered the plaintiff, knocking him to the ground. According to the officers, the plaintiff refused to put his hands behind his back so that he could be handcuffed.

Plaintiff alleges that, after the initial tasering, the officers rolled the him over, pulled up his shirt and shot several more taser impulses into his bare chest.

2

Deputy Knorek arrested the plaintiff. Charges of resisting arrest and obstructing official business were filed against him. Those charges were dismissed when the plaintiff plead guilty to disorderly conduct.

## Discussion

### 1. Arrest

Plaintiff claims that the officers did not have probable cause to arrest him – at least not for the charges they brought against him.

Plaintiff's plea of guilty to the charge of disorderly conduct was an implicit admission that the officers had probable cause to arrest him for that charge. *See, e.g., Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) ("Plaintiffs are estopped by their pleas in state court from now challenging the reasonableness of their arrest in the instant § 1983 action."); *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) (No contest pleas, finding of guilt, and imposition of fines "estop plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause.").

The fact that plaintiff plead to a different and lesser charge than the original charges is immaterial. *See, e.g.,Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 676 (6th Cir. 2005) ("[W]here no probable cause exists to arrest a plaintiff for a particular crime, but . . . probable cause exists to arrest that plaintiff for a related offense, the plaintiff cannot prevail in a suit alleging wrongful arrest brought pursuant to 42 U.S.C. § 1983.") (citing *Avery v. King*, 110 F.3d 12, 14 (6th Cir. 1997)).[2]

---

[2] Plaintiff's brief in opposition to the defendants' motions for summary judgment seeks to argue *de novo* that his conduct did not come within the disorderly conduct statute. His plea of guilty to that offense precludes that argument here.

3

Plaintiff's complaint includes a state law false arrest claim. Because his brief does not respond to the defendants' arguments as to that claim, they are entitled to summary judgment as to that claim as well.

### 2. Excessive Force

There is a genuine dispute as to how often and how Officer Cousino tasered the plaintiff. The Officer states that he used the taser twice and the taser probes were on the plaintiff's clothing. The plaintiff claims that he was tasered "repeatedly," and that, after the first taser knocked him to the ground, Officer Cousino tasered him on his naked chest as he was prone and face up.

This creates a dispute of fact which cannot be resolved at this stage.³

Officer Cousino asserts that he is entitled to qualified immunity, even if plaintiff's version is accurate. His contention is not well taken in light of the Sixth Circuit's recent decision in *Roberts v. Manigold*, 240 F. App'x. 675 (6th Cir. 2007) (unpublished disposition). In that case, the plaintiff, like the plaintiff here, was on the ground and could otherwise have been subdued without further tasering.⁴ Nonetheless the defendant officer in *Roberts* tasered the plaintiff repeatedly. *Id.* at 676.

The court in *Roberts* rejected the defendant's claim of qualified immunity, holding that "[t]hough the events . . . took place over a very short period of time," as they did here, "a

---

³ Nor is my finding that there is a genuine dispute as to this material fact subject to interlocutory appellate review. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) ("the District Court's determination that the summary judgment record . . . raised a genuine issue of fact concerning [officer's] involvement in the alleged beating of respondent was not a 'final decision'" subject to interlocutory appeal).

⁴ A reasonable jury could find that the plaintiff, if it credited his version of disputed events, could more likely than not have been subdued without further tasering.

4

reasonable jury could find that [the officer] used unnecessary and gratuitous (and thus excessive) force in violation of [the plaintiff's] clearly established Fourth Amendment right." *Id.* at 678.

If a jury believes the plaintiff's version – namely, that the officers turned him over and raised his shirt, and Officer Cousino then tasered him "repeatedly" – it could likewise find this his doing so was excessive. In which case, as in *Roberts*, which is indistinguishable, he would not be entitled to qualified immunity.

Given the disputes of dispositive fact and in light of applicable legal doctrines, as enunciated unequivocally in *Roberts*, I must overrule Cousino's claim of qualified immunity.[5]

## Conclusion

The plaintiff's plea of guilty to the charge of disorderly conduct estops him from challenging the lawfulness of his arrest on Fourth Amendment grounds. His failure to respond to the defendants' motion as to his state law claims entitles them to summary judgment as to such claims.

Officer Cousino's assertion of qualified immunity is, however, not well taken. His motion for summary judgment as to that claim must be overruled in light of the Sixth Circuit's decision in *Roberts, supra*.

It is, therefore,

ORDERED THAT:

---

[5] I also agree with the court's observation in *Roberts* that *Draper v. Reynolds*, 369 F.3d 1270, 1278 (11th Cir. 2004), *Hinton v. City of Elwood*, 997 F.2d 774, 781 (10th Cir. 1993), and *Francis v. Pike County*, 875 F.2d 863 (6th Cir. 1989) (unpublished disposition) do not involve tasering as gratuitous force, but rather involve only use of tasers in tense situations. *Id*. at 678, n.4. "The type of weapon used is," furthermore, "not the issue; the excessiveness of the force is the Fourth Amendment inquiry." *Id*.

1. The motion for summary judgment by Deputy Dan Knorek [Doc. 28] be, and the same hereby is granted; and

2. The motion for summary judgment by Officer Steven Cousino [Doc. 26] be, and the same hereby is denied solely with regard to plaintiff's Fourth Amendment claim of excessive force and is otherwise is granted.

So ordered.

s/James G. Carr<br>James G. Carr<br>Chief Judge